IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDERON, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>ARNEL V. CAMPOS, YASSAMEIN W. CAMPOS, and DOES 1 to 10 INCLUSIVE,<br><br>            Defendants. | Case No.: 1:11-cv-00475 LJO JLT<br><br>FINDINGS AND RECOMMENDATIONS TO REMAND THE MATTER TO THE KERN COUNTY SUPERIOR COURT AND TO DISMISS THE MATTER |

Currently before the Court is a motion to remand the action filed by plaintiff Landeron, LLC ("Landeron"). (Doc. 4). Arnel Campos and Yassamein Campos ("Defendants") opposed the motion at the hearing on May 24, 2011. For the following reasons, the Court recommends the motion to remand be **GRANTED**.

**I.  Factual and Procedural History**

The underlying state court complaint details that on February 7, 2011, Landeron purchased the real property located at 5005 Shadow Stone Street, in Bakersfield, CA at a foreclosure sale. (Doc. 1 at 24). On February 7, Defendants were served with a Notice to Quit the premises. *Id.* However, Defendants failed to leave the property. *Id.*

Landeron commenced this action by filing a complaint for unlawful detainer on February 14, 2011. (Doc. 1, Ex. A; Doc. 4 at 1). Landeron sought possession of the property and rental value in the amount of $56.66 per day, beginning on February 7, 2011. (Doc. 1 at 24). Notably, in the

caption of the complaint, Landeron asserted the damages amount sought was less than $10,000. *Id.* at 23. Defendants filed an answer to the complaint on February 28, 2011 (Doc. 1, Ex. B). On March 15, 2011, the trial regarding Landeron's complaint was held in the state court which concluded with a judgment entered in Landeron's favor. (Doc. 1 at 2; Doc. 4 at 7).

Defendants filed a "Notice of Removal" on March 21, 2011, thereby commencing the action in this Court. (Doc. 1). In the Notice of Removal, Defendants state that "they are being denied and cannot enforce their rights to equal protection of the laws of the United States" because California laws "are not designed to allow Defendants to litigate the issue of invalid [t]itle to property. *Id.* at 2-3. Defendants assert they "were never given the opportunity to present evidence that could prove that [a]ctual and [c]onstructive [f]raud was utilized to steal their property." *Id.* at 6.

## II. Removal to the District Court

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Generally, a defendant has the right to remove a matter to federal court where the district court would have jurisdiction pursuant to 28 U.S.C. § 1441(a). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute").

The Court may remand an action to state court for lack of subject matter jurisdiction or for defect in the removal procedure. 28 U.S.C. § 1447(c). A party opposing removal on the basis of a procedural defect must make a motion to remand within thirty days of the filing of the notice of removal. *Id.*

## III. Discussion and Analysis

Defendants assert they have the right to removal pursuant to 28 U.S.C. §§ 1332, 1441, 1443, 1446(a), and 1446(b)." (Doc. 1 at 3). In the Notice of Removal, Defendants state that "they are being denied and cannot enforce their rights to equal protection of the laws of the United States"

2

1  because California laws "are not designed to allow Defendants to litigate the issue of invalid [t]itle to
2  property. *Id.* at 2-3. Defendants assert they "were never given the opportunity to present evidence
3  that could prove that [a]ctual and [c]onstructive [f]raud was utilized to steal their property." *Id.* at 6.
4  In addition, Defendants assert the state court proceeding were "conducted in secrecy and in stealth
5  behind closed doors with no notice or other elementary due process of law." *Id.* at 15. Defendants
6  seek to stop their eviction pursuant to the judgment entered by the state court. *Id.* at 2.

7  Landeron argues Defendants admit they received a trial in the state court and that they merely
8  "are attempting to delay execution of the judgment and/or are functionally attempting to obtain an
9  appeal on the judgment, by retrying the action in federal court." (Doc. 4 at 7). In addition, Landeron
10 asserts the Court lacks jurisdiction over the subject matter, as the state court proceedings were for an
11 unlawful detainer. *Id.* at 4-6

12 A party may not seek appellate review in federal court of a decision made in the state court
13 under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C.*
14 *Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Accordingly, the Court "lack[s] jurisdiction to
15 exercise appellate review over final state court judgments." *Henrichs v. Valley View Dev.*, 474 F.3d
16 609, 613 (9th Cir. 2007). The Ninth Circuit explained,

> Typically, the Rooker Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

*Doe v. Mann*, 451 F.3d 1038, 1041-42 (9th Cir. 2005). In addition, a complaint in federal court must
be dismissed for lack of subject matter jurisdiction if the "claims raised are . . . 'inextricably
intertwined' with the state court's decision such that the adjudication of the federal claims would
undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 894, 898 (9th Cir. 2003), citing
*Feldman*, 460 U.S. at 483, 485.

Here, Defendants assert the state court proceedings were improper, and seek relief from the
judgment entered by the state court on March 15, 2011. Thus, Defendants seek federal court review
of the state court judgment. According to the *Rooker-Feldman* doctrine, therefore, the Court lacks
jurisdiction over the matter. *See Exxon Mobile Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284,

3

292-93 (2005) (The *Rooker-Feldman* doctrine precludes the district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced . . .").

**VI.   Request for Attorney Fees and Costs**

Landeron asserts Defendants should be sanctioned for the "baseless removal" of the action to federal court.  According to Landeron, "Defendants proceeded to trial and having lost at trial removed this action to federal court in order to delay the eviction they admit was about to occur." (Doc. 4 at 8).

As discussed above, Defendants assert there was fraud in the state court proceedings.  At the hearing, Defendants explained they believed the proper remedy for an action against their lender was removal of the matter to federal court for review of the circumstances regarding the sale of the property.  They reported that they did not intend to remove the matter improperly but thought that it was the proper procedure in light of their belief that the foreclosure was improperly accomplished.

A court "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  Fee shifting is not automatic, and "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005).  The relevant inquiry is whether the party had "an objectively reasonable basis" for removal. *Id.*; *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007).  However, the Ninth Circuit has cautioned that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

In determining whether to award sanctions in a case involving improper removal by pro se defendants, the Court may accord significant weight to the defendants' lack of counsel. *See, e.g., GMAC Mortg., LLC v. Bruce*, 2010 U.S. Dist. LEXIS 82555, at *14 (E.D. Cal. Aug. 5, 2010) ("the undersigned cannot conclude that defendants, who are not attorneys and are proceeding without counsel, lacked an objectively reasonable basis for removal.  Defendants believed that subject matter jurisdiction existed by reason of their potential counterclaims, but were mistaken."); *OneWest Bank,*

*FSB v. Mohr*, 2010 U.S. Dist. LEXIS 79535 (N.D. Cal. July 7, 2010) (declining to award attorney fees because defendants did not have the "benefit of legal counsel," though removal was untimely and it would have been "readily apparent" to an attorney that the removal lacked a reasonable basis); *Citibank, N.A. v. Ortiz*, 2008 U.S. Dist. LEXIS 86925 (S.D. Cal. Oct. 28, 2008).  The Court finds that Defendants did not have a malicious intent in removing the matter from state court but had a good faith, though incorrect, belief that this was the proper procedure.

Given Defendants' pro se status, and their belief that federal court review was proper, the Court will not recommend the award of attorneys fees.

## V. Findings and Recommendations

Though Defendants argue the proceedings in the state court were conducted in a fraudulent manner, the Court lacks jurisdiction to review the judgment of the state court.

Based upon the foregoing, the Court hereby **RECOMMENDS**:

1. The motion to remand be **GRANTED**;
2. Landeron's request for attorneys fees and costs be **DENIED**;
3. The matter be **REMANDED** to the Kern County Superior Court; and
4. The Clerk of the Court be ordered to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these findings and recommendations, Defendants may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Defendants are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 24, 2011**                                             **/s/ Jennifer L. Thurston**
                                                                                          UNITED STATES MAGISTRATE JUDGE