IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDERON, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>ARNEL V. CAMPOS, YASSAMEIN W. CAMPOS, and DOES 1 to 10 INCLUSIVE,<br><br>          Defendants. | ) Case No.: 1:11-cv-00475 LJO JLT<br>)<br>) ORDER ADOPTING THE FINDINGS AND<br>) RECOMMENDATIONS TO REMAND THE<br>) MATTER TO THE KERN COUNTY<br>) SUPERIOR COURT AND TO DISMISS THE<br>) MATTER<br>)<br>) (Doc. 8)<br>)<br>) |

Arnel Campos and Yassamein Campos ("Defendants") seek to remove an unlawful detainer action filed in the Kern County Superior Court by the plaintiff Landeron, LLC. (Doc. 1). Defendants seek to challenge the unlawful detainer action and raises numerous "causes of action" related to the foreclosure of the real property. Id.  Defendants assert they have the right to removal pursuant to 28 U.S.C. §§ 1332, 1441, 1443, 1446(a), and 1446(b). Id. at 3.

On October 13, 2010, the Magistrate Judge recommended the plaintiff's motion to remand the matter to Kern County Superior Court be granted.  (Doc. 8).  The Magistrate Judge found Defendants failed to establish any basis for federal court jurisdiction.

First, as the parties seeking removal to the federal court, Defendants "bear[] the burden of actually proving facts to support jurisdiction." Sanchez v. Monumental Life Ins., 102 F.3d 398, 403 (9th Cir. 1996), citing Gaus v. Miles, 980 F.2d 564, 566-67 (9th Cir. 1992).  The Magistrate Judge found that the complaint in the unlawful detainer action makes no mention of the issues Defendants

alleges in their Notice of Removal, and an unlawful detainer action does not arise under federal law, but rather, state law. Deutsche Bank Nat'l Trust Co. v. Solih Jora, 2010 U.S. Dist. LEXIS 105453 at * 4 (E.D. Cal. Oct. 1, 2010). In addition, the Magistrate Judge determined Defendants sought federal appellate review of the state court decision, which was not permitted under the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Exxon Mobile Corp v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 292-93 (2005) (The *Rooker-Feldman* doctrine precludes the district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced . . .").

Although Defendants were granted 14 days from May 24, 2011, or until June 8, 2011, to file objections to the Magistrate's Amended Findings and Recommendations, they did not. In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the findings and recommendation are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Amended Findings and Recommendations filed May 24, 2011, are **ADOPTED IN FULL**;
2. The matter is **ORDERED** to be **REMANDED** to the Kern County Superior Court;
3. The Clerk of Court **IS DIRECTED** to close this action because this order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   June 16, 2011**              /s/ Lawrence J. O'Neill
                                  UNITED STATES DISTRICT JUDGE